# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4442 | **DATE** | 11/29/2001 |
| **CASE TITLE** | Schauf vs. Mortgage Bankers Service Corp et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Plaintiff's motion (Doc 20-1) to dismiss Palace's counterclaim for declaratory relief is denied. Ruling on other pending motions set for December 20, 2001 at 9:45 a.m. Status hearing and close of discovery set for January 22, 2002 to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | |
| | No notices required. | | | number of notices | | |
| | Notices mailed by judge's staff. | | | NOV 2 9 2001 | | |
| | Notified counsel by telephone. | | | date docketed | | 30 |
| ✓ | Docketing to mail notices. | | | 15 | | |
| | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | | |
| SCT | courtroom deputy's initials | | NOV 29 PM 2:00 | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| JENNIFER L. SCHAUF, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | 01 C 4442 | **DOCKETED** |
| | ) | | NOV 2 9 2001 |
| MORTGAGE BANKERS SERVICE | ) | | |
| CORP., and PALACE HOME | ) | | |
| MORTGAGE CORPORATION, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is Plaintiff Jennifer L. Schauf's (Schauf) motion to dismiss

Defendant Palace Home Mortgage's (Palace) counterclaim for declaratory judgment

under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is denied.

## BACKGROUND

Palace's counterclaim arises out of the same transaction upon which Schauf's

complaint is based. On May 15, 2001, Schauf obtained a mortgaged loan from the co-

defendant in Schauf's action, Mortgage Banker's Service Corporation (Mortgage

Bankers), enabling her to purchase a residential property. The loan was in the amount

of $70,200, at an annual percentage rate of 9.613%. Schauf had previously engaged



Palace, a mortgage broker, to find her a loan. On March 29, 2001, Schauf signed, and received copies of, a Loan Brokerage Agreement, Mortgage Broker Fee Disclosure, and Good Faith Estimate of closing costs. Palace prepared a revised Good Faith Estimate on April 3, 2001, pursuant to a change in Schauf's down payment amount.

Palace received, as compensation for services rendered to Schauf, a loan origination fee of $1,404.00 (2% of the principal loan), a loan discount of $702.00 (1% of the principal), and a processing fee of $250.00. Palace also received a "yield spread premium" (YSP) from Mortgage Bankers in the amount of $702.00 (1% of the principal). It is the legality of the YSP that is the principal subject of Schauf's lawsuit. Schauf claims that the YSP relating to her loan was paid by Mortgage Bankers to Palace as a reward for obtaining a higher interest rate for Schauf, in violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*, and the Illinois Consumer Fraud and Deceptive Practices Act (ICFA), 815 ILCS 505/2. Schauf also alleges a breach of fiduciary duty on Palace's part.

Palace contends that the YSP is but a portion of its compensation for services it legally rendered to Mortgage Bankers. Palace seeks a declaratory judgment that the disclosures made by it complied with RESPA and applicable rules and regulations.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Triad Associates, Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir. 1989). The court must construe a complaint or counterclaim's allegations in a light most favorable to the claimant and all well-pleaded facts and allegations made in the claim must be taken as true. See Brontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of a cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

The Court, in reviewing a motion to dismiss, is limited to the allegations contained in the pleadings themselves. Documents attached to the pleadings as exhibits and documents incorporated by reference into the pleadings are considered part of the pleadings. Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). A plaintiff of claimant may supplement the complaint with factual narration in an affidavit or brief. See Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997).

# DISCUSSION

Palace seeks this declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Schauf has moved to dismiss on the grounds that declaratory judgment is inappropriate.[1]

The power of a court to issue a declaratory judgment is of an equitable nature and is, therefore, discretionary. Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942). The standards generally to be applied in this exercise of discretion are whether a declaratory judgment "will settle the particular controversy and clarify the legal relations in issue." Sears, Roebuck & Co. v. American Mut. Liab. Ins. Co., 372 F.2d 435, 438 (7th Cir. 1967). Nevertheless, the Seventh Circuit has articulated a five-step inquiry to determine when a declaratory judgment action is appropriate: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would

---

[1] Jurisdiction to bring the counterclaim exists under 28 U.S.C. § 1331. Additionally, Palace satisfies the "well-pleaded complaint" rule. Since Schauf filed suit seeking relief under RESPA, a federal statute, Palace is not seeking to avail itself of the federal courts by anticipating a federal defense to a state law. Rather, it seeks to clarify its rights under the RESPA statutes. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 673-74 (1950). To the extent that Palace seeks a declaratory judgment as to the state law claim, jurisdiction is found under this court's supplemental jurisdiction; Schauf's claim under Illinois law (and those of the putative class to which she belongs) arises out of the same "common nucleus of operative fact," namely the mortgaged loan transaction. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also 28 U.S.C. § 1367(a).

increase friction between our federal and state courts and improperly encroach on state jurisdiction, and (5) whether there is an alternative remedy that is better or more effective. Nucor Corp. v. Aceros y Maquilas de Occidente, 28 F.3d 572, 579 (7th Cir. 1994) (citing Nationwide Mut. Fire Ins. Co. v. Willenbrink, 924 F.2d 104, 105 (6th Cir. 1991)).

In this case, consideration of these factors indicates that Palace's counterclaim for declaratory relief is appropriate. First, a declaratory judgment in Palace's favor would help settle the controversy between Schauf and Palace. In determining whether Palace is entitled to declaratory relief, this Court would necessarily decide the issue of whether the YSP paid to Palace by Mortgage Bankers was a reward for obtaining a higher interest rate; if it was not, we could then decide whether Palace's actions were in conformity with RESPA.

Schauf argues that Palace's declaratory counterclaim cannot settle the breach of fiduciary duty claim, since the disclosures made to Schauf by Palace are inadequate to absolve Palace of its fiduciary status. Palace counters that it is not seeking declaratory relief as to the fiduciary issue, but that it may be granted in any event because, in Palace's view, it took itself out of "the orbit of a fiduciary" by making disclosures. See Burdett v. Miller, 957 F.2d 1375, 1382 (7th Cir. 1992). If Palace cannot show that it took itself out of the orbit of a fiduciary, then the declaratory judgment counterclaim will not satisfactorily adjudicate Schauf's claims based on breach of fiduciary duty. See

Brillhart, 316 U.S. at 494. However, at this stage of the litigation, Palace has sufficiently alleged that it made disclaimers adequate to remove it from the position of a fiduciary on Schauf's behalf.

Schauf argues that her claims do not relate merely to disclosures, but to a *per se* illegal arrangement between Palace and Mortgage Brokers to inflate the interest rate charged to Schauf. Palace is somewhat vague as to what it precisely seeks in its counterclaim for declaratory relief. Nevertheless, construing Palace's counterclaim in the most liberal manner, it is clear that Palace wants to be "assured that its arrangement does not violate RESPA" (Palace's Brief in Opposition to Motion to Dismiss Counterclaim, at 4). Further, Palace's counterclaim may be maintained as to the state law claim, since the counterclaim asks for a declaration that Palace disclosed to Schauf the potential effect on her closing costs of any choice she might make (Counterclaim ¶ A). Schauf's state law claim rests on a deceptive practice statute, which refers mainly to misrepresentation and concealment. See 815 ILCS 505/2. If Palace can show that it made adequate disclosures to Schauf, then it will be entitled to declaratory relief. Thus, Palace's counterclaim is potentially capable of resolving all claims between the parties.

Having satisfied the first part of the Nucor five-part test, we now address the remaining four factors. The second factor calls the court to consider whether Palace's counterclaim would necessarily serve a useful purpose in clarifying the legal relations at issue. It does. The adjudication of the counterclaim will make clear whether Place

and Mortgage Banker's relationship is legitimate or based on illegal commercial bribes. Furthermore, it will clarify Palace's relationship and, in turn, its legal obligations to the similarly situated members of Schauf's putative class. Therefore, the second factor is satisfied.

The third factor is also satisfied because, contrary to Schauf's contentions, Palace is not engaging in "procedural fencing." Schauf has won the "race to the courthouse," so no issue is presented regarding forum selection. Cf. Tempco Electric Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 750 (7th Cir. 1987). Schauf chose the forum. In addition, the burden on Schauf to defend against this counterclaim is slight. Since the issues are closely intertwined, they will be raised and argued in the course of Schauf's pending litigation.

The final two Nucor factors likewise do not bar Palace's counterclaim. There is no state court case pending, so the fourth factor regarding friction between federal and state courts is moot. Indeed, many of the cases Schauf cites in support of her motion to dismiss involve issues of conflict between state and federal courts and are therefore inapposite. The fifth factor is whether there is an alternative remedy that is better or more effective. Schauf claims that her lawsuit provides a more effective remedy but she does not explain why or how. Nor does she cite any cases helpful to her proposition. In contrast, Palace asserts that resolution of its counterclaim will be more effective than merely resolving Schauf's claims in that doing so will clarify whether Palace's and

Mortgage Broker's business relationship violates RESPA and will allow the two parties to decide how to proceed in the future. Accordingly, the factors in <u>Nucor</u> indicate that Palace's counterclaim for declaratory relief is appropriate.

Finally, we retain the discretion to dismiss Palace's counterclaim as moot should resolution of any of Schauf's claims render Palace's counterclaim redundant. <u>Cf.</u> <u>Aldens, Inc. v. Packel</u>, 524 F.2d 38, 53 (3d Cir. 1975).

## CONCLUSION

For the reasons stated above, Schauf's motion to dismiss Palace's counterclaim for declaratory relief is denied.

Charles P. Kocoras
United States District Judge

Dated: __November 29, 2001__