Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4442 | **DATE** | 12/20/2001 |
| **CASE TITLE** | Schauf vs. Mortgage Bankers Service et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Palace Home's motion (Doc 25-1) for a protective order is denied in part and granted in part. Schauf's request to compel is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 21 2001 | |
| | Notified counsel by telephone. | | date docketed | 33 |
| ✓ | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 2 1 2001

| | |
|---|---|
| JENNIFER L. SCHAUF, | ) |
| Plaintiff, | ) |
| vs. | ) 01 C 4442 |
| MORTGAGE BANKERS SERVICE CORP.; and PALACE HOME MORTGAGE CORPORATION, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on Defendant Palace Home Mortgage Corp.'s ("Palace Home") motion for a protective order and Plaintiff Jennifer Schauf's ("Schauf") motion to compel. For the following reasons, Palace Home's motion for a protective order is denied in part and granted in part, and Schauf's motion is denied.

### BACKGROUND

In this putative class action, Schauf challenges the lending practices of Palace Home and Mortgage Bankers Service Corp. ("Mortgage Bankers"). Palace Home is the broker that facilitated Schauf's residential loan from Mortgage Bankers. In her

Amended Complaint, Schauf alleges that Defendants, both together and separately, violated the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C. § 2607. Schauf alleges that the Defendants violated 12 U.S.C. § 2607 because, according to Schauf, the yield spread premium Palace Home received from Mortgage Bankers in the amount of 1% of the principal constitutes an illegal fee received in exchange for Palace Home's success in persuading Schauf to sign on to a loan at a higher interest rate than the base interest rate. The base interest rate is found in rate sheets Mortgage Bankers regularly sends out to brokers. Schauf further alleges claims of fraud, breach of fiduciary duty, inducement of breach of fiduciary duty, and a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

The parties are now before the court with a discovery dispute pertaining to document discovery. Specifically, Schauf requested that Palace Home produce all documents related to any loans where Palace Home received a brokers fee of more than 1% and any additional compensation from the lender, regardless of whether those loans involved an increase in the interest rate. Palace Home refuses to do so because it finds this request overbroad and overburdensome. After their attempt to resolve this dispute by telephone pursuant to Local Rule 37.2 failed, the parties brought the issue to this court. Palace Home seeks relief pursuant to FRCP 26(c)(4) and FRCP 26(b)(2) from

-

what it believes is an unduly burdensome request; Schauf has responded with a motion to compel.

## DISCUSSION

In support of its motion for a protective order and in opposition to Schauf's motion to compel, Palace Home argues that Schauf's discovery request – that Palace Home produce all documents relating to any loan transactions where it received a brokers fee of 1% and any additional compensation from the lender – is unduly burdensome. Palace Home contends that, to comply with Schauf's request, it would have to individually examine every loan filed in the entire company amounting to over 300 loan files and involving approximately 80 hours of work. Palace Home further explains that it is a small company consisting of only 13 full and part time employees. Additionally, the Defendant asserts that the amount in controversy in this case is relatively small when compared to the burden of complying with Schauf's request. Palace Home argues that such a broad request is not necessary in this case, but is made so that Schauf may go fishing through its files for class members. Having reviewed the parties' arguments and the complaint, the court agrees that Schauf's discovery request is overly broad and unduly burdensome. Schauf's motion to compel is therefore denied.

This does not, however, mean that Palace Home's delineation of the scope of discovery is correct. Palace Home attempts to limit the scope of discovery along a number of lines. First, Palace Home seems to argue that discovery should be limited merely to the transaction involving Schauf. In support of this argument they assert that Schauf's case is meritless and that, therefore, she will not make a good class representative. Such issues are more appropriate for a motion for class certification, and there is no such motion pending before this court. Nor is there before the court a motion requiring a decision as to the viability of Schauf's claim. Furthermore, such an argument ignores the class allegations in Schauf's complaint. Therefore, discovery will not be limited to Schauf's transaction.

Palace Home further attempts to convince the court that Schauf's discovery should be limited to the business relationship between Palace Home and Mortgage Bankers and any documents generated from that relationship. This too does not entail a fair reading of Schauf's complaint. Although Schauf has alleged that the two named Defendants have acted together illegally, Schauf has also alleged that they have engaged in illegal conduct separately. For example, with regard to her RESPA class claim, Schauf identifies two separate classes; one class is based on alleged conduct by Palace Home and the other on conduct by Mortgage Bankers. Thus, just as the scope of discovery cannot be limited to only Schauf's transaction, it cannot be limited to only

those transactions where Palace Home was the broker and Mortgage Bankers was the lender. The allegations in Schauf's complaint can be fairly read as going beyond the relationship of these two Defendants.

Palace Home also asks this court to limit Schauf's document discovery to documents relating to loan transactions where the yield spread premium received by Palace Home was "tied to" an increase in the borrower's interest rate. Defining the scope of discovery in this manner is improper, for it allows Palace Home to decide one of the ultimate issues in this case – whether any yield spread premiums received by Palace Home were "tied to" an increase in the borrower's interest rate – and to filter its documents through its own construction of that issue during the discovery process. Whether or not the yield spread premiums were "tied to" the interest rates determines whether there is liability under RESPA. If the yield spread premiums were not "tied to" increasing the interest rate, i.e., if the yield spread premiums were instead "reasonably related to the value of the goods or facilities that were actually performed" in connection with the loan, then there is no liability. Real Estate Settlement Procedures Act State of Policy 1999-1 Regarding Lender Payments to Mortgage Brokers ("Policy Statement"), 64 Fed. Reg. 10084 (1999); see 12 U.S.C. 2607(c) (stating "[n]othing in this section shall be construed as prohibiting...(2) the payment to any person of a bona fide salary or compensation or other payment for goods or

facilities actually furnished or for services actually performed"); 24 C.F.R. sec 3500.14(g)(ii). Conversely, if the yield spread premiums *were* "tied to" the increased rates, i.e., paid to Palace Home in exchange for Palace Home successfully persuading borrowers to sign on to loans at interest rates higher than those in the lender's base rate, the yield spread premiums would constitute an illegal kickback. In such case, there would be liability under RESPA. See 12 U.S.C. sec 2607(c). Thus, the issue of whether the yield spread premiums paid to Palace Home were "tied to" an increased interest rate is an ultimate issue in this case to be resolved by the court. Cf. Vargas v. Universal Mortgage Corp., 2001 WL 558045 (N.D. Ill. May 21, 2001); Golon v. Ohio Savings Bank, 1999 WL 184401 (N.D. Ill. Mar. 29, 1999); DeLeon v. Beneficial Constr. Co., 998 F. Supp. 859 (N.D. Ill. 1998); Hastings v. Fidelity Mortgage Decisions Corp., 984 F. Supp. 600 (N.D. Ill. 1997); Schmitz v. Aegis Mortgage Corp., 48 F. Supp.2d 877 (D. Minn. 1999); Levine v. North Am. Mortgage, 188 F.R.D. 320 (D. Minn. 1999). Accordingly, to the extent that Palace Home seeks a protective order allowing discovery of only documents that reflect a yield spread premium that is "tied to" an increased rate, this request is denied.

However, to the extent that Palace Home seeks to limit discovery simply to all transactions involving a YSP *and* an increase in the interest rate - without any determination being made as to whether the YSP was given in return for the increase

or in return for goods or facilities rendered – such a limitation is reasonable. The crux of Schauf's complaint is that interest rates on residential loans were illegally increased by way of kickbacks. Increased interest rates are central to Schauf's complaint and therefore central to this litigation. Thus it simply makes no sense and would be unnecessarily burdensome to force Palace Home to produce all documents relating to any and all transactions with lenders where it received more than 1% yield spread premium *regardless* of whether the transaction involved an increased interest rate. Therefore, insofar as Palace Homes seeks to limit discovery to documents relating to transactions where there was both a yield spread premium *and* an increased interest rate, the court agrees with that limitation.

The court disagrees with Schauf's contention that any discovery less than what she has requested destroys her chance to make out a class case. Her complaint is based on transactions involving a yield spread premium and an increased interest rate. She will not be allowed to go on a fishing expedition searching through documents relating to transactions where there was no increase of the lender's interest rate. Additionally, without deciding class certification at this juncture, we note that class certification in this case may not be realistic. The applicable legal standards require this court to make a highly individualized and fact intensive analysis of each case. Such an analysis is not amenable to a class action. See Vargas, 2001 WL 558045, at *3 (stating HUD's test

requires consideration of: the interest rate on plaintiff's mortgage, plaintiff's credit histories, the number and kind of settlement services the broker performed for the lender, whether the broker gave the plaintiff the opportunity to consider other lenders, and whether the broker would receive the same compensation regardless of which lender's products were ultimately selected); Vargas v. Universal Mortg. Corp., 2001 WL 1545874 (N.D. Ill. Nov. 29, 2001); Sims v. First Franklin Financial Corp., 2001 WL 1155271 (N.D. Ill. Sept. 28, 2001); Empalmado v. First Franklin Financial Corp., 2001 WL 1155081 (N.D. Ill. Sept 27, 2001); In re Old Kent Mortgage Co Yield Spread Premium Litigation, 191 F.R.D. 155 (D. Minn. 2000); Potchin v. Prudential Home Mortgage Co., 1999 WL 1814612 (E.D.N.Y. Nov. 12, 1999); Anderson v. New Dimension Financial Services, L.P., 2001 WL 1155251 (N.D. Ill. Sept 28, 2001).

Finally, the court notes that the parties' papers reveal that Palace Home feared compliance with some of Schauf's discovery requests would amount to a concession of liability in this case. Palace Home's fear was based on the fact that some of Schauf's discovery requests defined yield spread premium as an "illegal payment." We emphasize that we do not interpret either parties' compliance with any discovery requests pursuant to this order as constituting an admission of liability. Despite Schauf's characterization of the yield spread premiums as illegal, whether or not they

are is a question the court will ultimately decide after reviewing the evidence and the relevant legal standards.

## CONCLUSION

For the foregoing reasons, Palace Home's motion for a protective order is denied in part and granted in part. Schauf's motion to compel is denied.

Charles P. Kocoras
United States District Judge

Dated: December 20, 2001